SHOOK, HARDY & BACON L.L.P.
Andrew L. Chang (SBN 222309)
achang@shb.com
ELIZABETH A. LEE (SBN 312957)
elee@shb.com
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Tel:  415.544.1900
Fax:  415.391.0281

CARRIE MCATEE (*Pro Hac Vice to be filed*)
cmcatee@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd
Kansas City, Missouri 64108
Telephone:    816-474-6550
Facsimile:    816-421-5547

Attorneys for Defendant
PENTAIR THERMAL MANAGEMENT LLC
(nka nVENT THERMAL LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRIDH CELIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENTAIR THERMAL MANAGEMENT LLC, and DOES 1-50, inclusive;<br><br>Defendants. | Case No. 3:18-cv-04684<br><br>**DEFENDANT PENTAIR THERMAL MANAGEMENT LLC'S  NOTICE OF REMOVAL**<br><br>**UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY)**<br><br>**JURY TRIAL DEMANDED** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Pentair Thermal Management LLC, now known as nVent Thermal LLC ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of San Mateo to the United States District Court for the Northern District of California. In support of its Notice of Removal, Defendant states as follows:

## I.  THE REMOVED ACTION

1.  Plaintiff Ingridh Celis filed this civil action on December 4, 2017, in San Mateo County Superior Court, State of California, captioned *Ingridh Celis v. Pentair Thermal Management, LLC*, No. 17CIV05527.  Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendant is attached hereto as Exhibit A to the Declaration of Andrew L. Chang ("Chang Decl.).  On March 8, 2018, Defendant filed an answer to Plaintiff's Complaint in San Mateo County Superior Court. Chang Decl., Ex. B.

2.  The Complaint alleges that Defendant improperly terminated Plaintiff's employment on November 30, 2016 because Plaintiff's disability could not be accommodated by Defendant.

3.  As demonstrated below, this Court has jurisdiction over Plaintiffs' action and it is properly removed to this Court.

## II.  JURISDICTION

This Court has subject-matter jurisdiction of this removed action pursuant to 28 U.S.C. §§ 1332 and 1441.  The United States District Court for the Northern District of California is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, San Mateo County, California.

### A.  <u>Complete Diversity of Citizenship Exists Between Parties.</u>

4.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.  Removal under 28 U.S.C. § 1441(b) is appropriate in this matter because complete diversity of citizenship exists between Plaintiff and Defendant, and Defendant is not a citizen of California, the state in which this action was brought.

5.  Plaintiff Ingridh Celis is and was a citizen of California at the time this action was commenced.  *See* Chang Decl, ¶4.

6.  Both now and at the time this action was commenced, Defendant is and was a citizen of Delaware and Texas.  Defendant is, and was at the commencement of this action, a limited liability company ("LLC").  For diversity purposes, "an LLC is a citizen of every state of which its

2

owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Now, and at the time this action was commenced, the sole owner/member of Defendant is and was Tracer Industries, Inc. ("Tracer") and Defendant's citizenship is, therefore, based solely on Tracer's citizenship. Tracer is a corporation, which is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Both now, and at the time this action was commenced, Tracer is and was incorporated in the state of Delaware and its principal place of business is and was in the state of Texas. Therefore, Defendant is and was a citizen of Delaware and Texas both now and when this action was commenced.

7. Pursuant to 28 U.S.C. § 1441, the citizenship of the Doe Defendants is immaterial for determining diversity jurisdiction since "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

**B.    The Amount-in-Controversy Requirement is Satisfied**

8. The amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §1332(a).

9. The Complaint does not expressly state the amount in controversy. The Complaint alleges that Plaintiff "has suffered damages due to lost regular wages and all lost employment benefits according to proof" and seeks general damages, special damages, emotional distress damages, punitive damages, and attorneys' fees, but contained no allegation regarding the amount in controversy other than a box checked on the Civil Case Cover Sheet stating "Amount demanded exceeds $25,000." Compl., ¶¶18, 26, 33, 41, 46, 51, and Prayer for Relief, attached as Ex. A to Chang Decl.

10. On July 20, 2018, Plaintiff first responded to discovery requesting "the total amount of income, benefits, or earning capacity [Plaintiff has] lost to date and how the amount was calculated," by responding with an amount in excess of $75,000. *See* Chang Decl., ¶5. Purported

3

lost wages and benefits are only one element of the damages alleged and sought by Plaintiff; therefore, the amount in controversy of this action necessarily exceeds $75,000.

### C.    This Removal Is Timely

11.    As required by 28 U.S.C. § 1446(c), Defendant removes this action within one year after it was commenced on December 4, 2017.  *See* Compl., Ex. A to Chang Decl.

12.    Defendant's notice of removal has also been timely filed pursuant to 28 U.S.C. § 1446(b).  Under binding Ninth Circuit precedent, the first 30-day window to file a notice of removal after service of the initial pleading "only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005) ("the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin").  Here, the case stated by the initial pleading was not removable on its face because Plaintiff did not allege her citizenship and failed to specify any amount in controversy.  *Id.* at 695-96 (allegation of residence rather than citizenship insufficient to trigger removal period); *see also Lyons v. Gideon Toal Management Service*, 2010 WL 11512224, at *4 (C.D. Cal. 2010) (because the plaintiff's complaint did "not allege the amount of damages sought," it did not start the thirty-day removal period under holding of *Harris*).

13.    Under these circumstances, a "second thirty-day period for removal applies" pursuant to 28 U.S.C. § 1446(b)(3), which began to run after the receipt by Defendant, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also Harris*, 425 F.3d at 694.

14.    Defendant first received a paper "from which it may first be ascertained that the case is one which is or has become removable" on July 20, 2018, when Plaintiff served and Defendant's counsel received written responses to discovery.  In those responses, Defendant could first ascertain Plaintiff was a citizen of California and that the amount in controversy exceeded $75,000.  Specifically, Plaintiff stated that she has resided for at least four years in a property she owns in San Mateo County, California and, further, identified she was seeking recovery of lost wages exceeding $75,000.  Chang Decl., ¶¶4, 5.

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. 3:18-cv-04684

15. Defendant files this notice of removal 14 days after receipt of those responses.

**D.      Procedural Compliance**

16. Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6 of the Northern District of California, Defendant hereby requests trial by jury.

17. Promptly after filing this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, with the Clerk of the Superior Court of California, County of San Mateo and will serve written notice of the same on counsel for Plaintiff, all in accordance with 28 U.S.C. § 1446(a) & (d).

## III.      INTRADISTRICT ASSIGNMENT

18. Pursuant to Civil L.R. 3-2, this civil action should be assigned to the San Francisco Division or the Oakland Division of this Court because this action arose and was pending in the county of San Mateo, California.

## CONCLUSION

In this civil action, there is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Texas, and the amount in controversy is satisfied. Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant hereby requests removal of the above-captioned action to the United States District Court for the Northern District of California.

Dated: August 3, 2018

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.

By:    _/s/ Andrew L. Chang_____
          Andrew L. Chang

Attorneys for Defendant
PENTAIR THERMAL MANAGEMENT
LLC, now known as nVENT THERMAL LLC

5

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. 3:18-cv-04684